BARNES TAYLOR v. STATE.

No. A-5580.   Opinion Filed April 2, 1927.
(254 Pac. 758.)

Cress & Tebbe, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was charged with contempt of court by the county attorney of Noble county, by filing an application on the 6th day of September, 1924, asking for a citation to issue commanding defendant to show cause why he should not be fined for contempt of court, citation was issued and served on defendant, defendant specially appeared and filed his motion to quash the application, and the motion was sustained, an amended application was filed on the 27th day of September, 1924, charging in the amended application that on the 22d day of December, 1922, the district court granted a temporary injunction enjoining and restraining the said defendant, Barnes Taylor, his agents, employees, servants, successors, and assigns and all other persons, from keeping, maintaining, carrying on, and operating, or permitting to be kept, maintained, carried on, or operated at, in, upon, or about a certain building and premises in the city of Perry, Okla., and charging that on the date of the filing of this amended application, and for eleven months prior thereto, defendant had maintained, carried on, and operated, at, in, upon, and about the said building and premises described in the injunction a place where choc beer and other intoxicating liquors are kept for sale, given away, or otherwise furnished to other persons, and by so doing

had violated the terms of the injunction, and was in contempt of the court. Citation was issued, was duly served on the defendant, and returned by the sheriff of said county. The defendant again specially appeared and moved to quash the amended application for a citation, which motion was by the court overruled, and defendant reserved an exception.

The defendant was tried, and the jury returned a verdict finding the defendant guilty. Motion for a new trial was filed and overruled, and defendant duly excepted; also a motion in arrest of judgment was filed and overruled, and exceptions duly saved. On the 17th day of January, 1925, the court, upon the verdict of the jury, sentenced the defendant to pay a fine of $100 and costs of the prosecution, and imprisonment in the county jail of Noble county for a period of 60 days. To reverse this judgment the defendant has appealed to this court, and has assigned 18 errors alleged to have been committed by the trial court.

The state called several witnesses who attempted to show that the defendant in this case had violated the terms of the injunction by selling, bartering, and giving away some of the things prohibited to be kept on the premises described in the restraining order and mentioned in the application for a rule on the defendant to show cause why he should not be guilty of contempt.

Three witnesses, two of whom did not live in the city of Perry, claim to have bought some choc beer from a colored woman down near or on the premises described in the restraining order. Two of the witnesses claim that the defendant came to the house while they were there and stated that he had been fishing, and that they drank some choc beer while the defendant was there. On cross-examination, these witnesses admitted they had some trouble with the negro woman from whom they

claim to have bought the choc beer, but they did not tell what the trouble arose over.

One other witness testified to having bought some choc beer from a negro boy by the name of Brown. The only evidence introduced by the state tending to show that the defendant had any knowledge that anything was being sold in the neighborhood of the place where he had been enjoined from permitting the manufacturing, bartering, or selling of intoxicants, or substitutes therefor, was the statement of the two witnesses who claim to have been drinking choc beer when they claim the defendant came to the house. There is no positive testimony in the record to show that this defendant violated the terms of the restraining order, or knowingly permitted others to violate it.

The testimony of the defendant is to the effect that he moved away from the place immediately after the 27th day of October, 1923, and that he rented the house to different parties, and that he did not himself, or knowingly permit others to violate the terms of the restraining order.

The record is voluminous, and many questions are raised, and many assignments of error urged, by the defendant as to why this case should be reversed, but in the view we take of this case it is only necessary to consider the eighth and sixteenth assignments of errors, which are as follows:

"(8) The said court erred in overruling the motion to direct the jury to return a verdict of acquittal, to which action of the said court this plaintiff in error excepted, and exception was allowed."

"(16) The verdict of the jury is contrary to the evidence."

The assignments hereinabove set out relate to the sufficiency of the testimony in this case to warrant the

jury in rendering a verdict of conviction against the defendant.

It is the duty of all parties to obey and respect the order of the court, and, when the same is violated, it is the duty of the court, in order to protect its dignity, to cause the violator to be brought into court and show cause why he should not be adjudged in contempt, but, in doing so, before he should be convicted and sentence imposed upon him, there should be competent testimony sufficient to warrant a conviction.

The record in this case has been carefully briefed by both sides. A careful examination of the evidence in this case only tends to create suspicion or a possibility that the defendant may be guilty of contempt, and a verdict based upon a possibility and supposition is not justified. Where there is evidence to support a verdict, this court will not pass upon its weight and sufficiency in order to determine whether the defendant is guilty as charged, but we do hold there must be evidence tending to support the essential allegations of the charge.

In this case there is no evidence to show that the defendant himself willfully and knowingly violated the terms of the restraining order, nor is there any evidence whatever that he knowingly permitted others to violate the terms of the restraining order, nor is there any evidence tending to show that he had any knowledge of the violation of the restraining order. The evidence is insufficient to sustain the verdict and judgment.

The judgment is reversed and remanded.

DOYLE, P. J., not participating.

EDWARDS, J., concurs.